Tara Zabehi (SBN 314706)
*tara@calljustice.com*
Connie Lee (SBN 357364)
*connie@calljustice.com*
**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203
Tel: (818) 265-1020
Fax: (818) 265-1021

*Attorneys for* Plaintiff

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LILIYA RAMSEY, individually, and on behalf of other members of the general public similarly situated;<br><br>Plaintiff,<br><br>vs.<br><br>HV GLOBAL MANAGEMENT CORPORATION, a Delaware corporation; MVW SERVICES CORPORATION, a Delaware corporation; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No.: 5:26-cv-04228-BLF<br><br>Hon. Beth Labson Freeman<br>Courtroom 1 - 5th Floor<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>(1) Violation of California Labor Code §§ 510 and 1198 (Unpaid Overtime);<br>(2) Violation of California Labor Code §§ 226.7 and 512(a) (Unpaid Meal Period Premiums);<br>(3) Violation of California Labor Code § 226.7 (Unpaid Rest Period Premiums);<br>(4) Violation of California Labor Code §§ 1194, 1197, and 1197.1 (Unpaid Minimum Wages);<br>(5) Violation of California Labor Code §§ 201 and 202 (Final Wages Not Timely Paid);<br>(6) Violation of California Labor Code § 226(a) (Non-Compliant Wage Statements);<br>(7) Violation of California Labor Code §§ 2800 and 2802 (Unreimbursed Business Expenses);<br>(8) Violation of California Business & Professions Code § 17200, et seq.<br><br>**DEMAND FOR JURY TRIAL** |

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

COMES NOW, Plaintiff LILIYA RAMSEY ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

**JURISDICTION AND VENUE**

1. This class action was originally brought in the Superior Court for the County of Monterey pursuant to the California Code of Civil Procedure section 382.

2. The United States District Court for the Northern District of California has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). The United States District Court for the Northern District of California has personal jurisdiction over Defendants because, upon information and belief, Defendants are doing business in California, and at all times hereinafter mentioned, an employer whose employees are engaged throughout this District and throughout the State of California. Defendants maintain offices, have agents, and are licensed to transact and do transact business in this District.

**PARTIES**

3. Plaintiff LILIYA RAMSEY is an individual residing in the State of California, County of Monterey.

4. Defendant HV GLOBAL MANAGEMENT CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Monterey.

5. Defendant MVW SERVICES CORPORATION, at all times herein mentioned, was and is, upon information and belief, an employer whose employees are engaged throughout the State of California, including the County of Monterey.

6. At all relevant times, Defendant HV GLOBAL MANAGEMENT CORPORATION and Defendant MVW SERVICES CORPORATION were the "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

7. At all relevant times, Defendant HV GLOBAL MANAGEMENT CORPORATION and Defendant MVW SERVICES CORPORATION appear to have shared the same meal and rest break policies that governed the meal and rest breaks of Plaintiff and the other class members.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

8. At all relevant times, Defendant HV GLOBAL MANAGEMENT CORPORATION and Defendant MVW SERVICES CORPORATION appear to have shared the payroll system used by Plaintiff and the other class members.

9. At all times herein relevant, Defendants HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint employers, representatives, servants, employees, successors-in-interest, co-conspirators, and/or assigns each of the other, and at all times relevant hereto, were acting within the course and scope of their authority as such agents, partners, joint venturers, joint employers, representatives, servants, employees, successors, co-conspirators, and/or assigns, and all acts or omissions alleged herein were duly committed with the ratification, knowledge, permission, encouragement, authorization, and/or consent of each defendant designated as a DOE herein.

10. The true names and capacities, whether corporate, associate, individual, or otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues said defendants by such fictitious names. Plaintiff is informed and believes, and based thereon, alleges that each of the defendants designated as a DOE is legally responsible for the events and happenings referred to in this Complaint and unlawfully caused the injuries and damages to Plaintiff and the other class members as alleged in this Complaint. Plaintiff will seek leave of court to amend this Complaint to show the true names and capacities when the same have been ascertained.

11. Defendant HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100 will hereinafter collectively be referred to as "Defendants."

12. Plaintiff further alleges that Defendants directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members so as to make each of said Defendants employers liable under the statutory provisions set forth herein.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

## CLASS ACTION ALLEGATIONS

13. Plaintiff brings this action on her own behalf and on behalf of all other members of the general public similarly situated and, thus, seeks class certification under California Code of Civil Procedure section 382.

14. The proposed class is defined as follows:

**Class**: All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from February 25, 2022 to final judgment.

**Subclass A:** All class members who received overtime compensation at a rate lower than their respective regular rate of pay because Defendants failed to include all shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay in the calculation of the regular rate of pay for overtime pay purposes.

**Subclass B:** All class members who earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay that was not used to calculate the amount of the meal break or rest break penalty/premium payment.

15. Plaintiff reserves the right to establish additional subclasses as appropriate.

16. The class is ascertainable, and there is a well-defined community of interest in the litigation:

a. Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals, and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.

b. Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein. Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

community of interest.

c. Adequacy: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d. Superiority: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e. Public Policy Considerations: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17. There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a. Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code was willful;

b. Whether Defendants had a corporate policy and practice of failing to pay their hourly-paid or non-exempt employees within the State of California

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

for all hours worked and missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c. Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d. Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e. Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f. Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g. Whether Defendants failed to timely pay all wages due to Plaintiff and the other class members during their employment;

h. Whether Defendants complied with wage reporting as required by the California Labor Code, including, *inter alia*, section 226;

i. Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

j. Whether Defendants' conduct was willful or reckless;

k. Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, et seq.;

l. The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

m. Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

18. Class certification of the First through Eighth causes of action is appropriate pursuant to Rule 23(b)(3) because the aforementioned questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendants' common and uniform policies and practices have unlawfully denied Plaintiff and the other class members meal period premiums for all meal periods that were not provided in compliance with the applicable Industrial Welfare Commission ("IWC") Order and California Labor Code, have denied them rest period premiums for all rest periods that were not provided in compliance with the applicable IWC Order and California Labor Code, have denied them of minimum wages for all hours worked, have denied them payment of their final wages in a timely manner, have denied them of accurate wage statements in compliance with the California Labor Code, have denied them from getting reimbursed for necessary business related expenses, and amount to unfair competition under California Business and Professions Code Sections 17200 et seq. The damages suffered by individual class members are relatively small compared to the expense and burden of individual prosecution of this litigation. For this reason, as well as the fact that class members currently employed by Defendants may fear direct or indirect retaliation from Defendants for prosecuting an action against Defendants, the class members' interests in individually controlling the prosecution of this action is minimal. In addition, a class action in this forum is desirable as it will eliminate the risk of inconsistent rulings regarding the legality of Defendants' policies, practices, and procedures. Managing this case as a class action will not present difficulties as the parties can utilize approved methods of random statistical sampling and expert testimony at trial.

## GENERAL ALLEGATIONS

19. At all relevant times set forth herein, Defendants employed Plaintiff and the other class members as hourly-paid or non-exempt employees within the State of California, including the County of Monterey.

20. Defendants, jointly and severally, employed Plaintiff as an hourly-paid, non-exempt employee from approximately March 2012 to approximately November 2025 in the State

of California, County of Monterey.

21. Defendants initially hired Plaintiff into the position of full-time Room Attendant in the State of California, City of Monterey at the base rate of pay of approximately $13.25 per hour. On May 12, 2013, she transitioned to the position of full-time Housekeeper in the State of California, City of Carmel, the same position she held until the end of her employment on or about November 2025. Plaintiff's job duties included but were not limited to tidying up, vacuuming, cleaning, restocking the hotel rooms, ensuring the rooms were clean for guests, and assisting guests as necessary.

22. Defendants hired Plaintiff and the other class members, classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked and missed meal periods and/or rest breaks.

23. Defendants had the authority to hire and terminate Plaintiff and the other class members, to set work rules and conditions governing Plaintiff's and the other class members' employment, and to supervise their daily employment activities.

24. Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

25. Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

26. Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

27. Plaintiff and the other class members worked over eight (8) hours in a day and/or forty (40) hours in a week during their employment with Defendants.

28. Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California. This pattern and practice involved, *inter alia*, failing to pay them for all regular and/or overtime wages earned and for missed, shortened, late, and/or interrupted meal periods and missed, shortened, late, and/or interrupted rest breaks in violation

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

of California law.

29. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving accurate overtime compensation for all overtime hours worked.

30. Plaintiff is informed and believes, and based thereon alleges, that Defendants' policies and practices required Plaintiff and the other class members to wait to clock in until they were "in full uniform and ready to begin work" at their designated clock-in stations before they were allowed to begin recording their time. At the same time, Defendants' policy, practice, and Attendance Disciplinary Notice form required reprimand of Plaintiff and the other class members for clocking in more than three minutes after the start of their scheduled shifts. As a result, Plaintiff and putative class members were required to arrive at work prior to their scheduled start times to get in full uniform and become "work ready" before they were allowed to clock in.

31. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

32. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members all required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission ("IWC") Wage Orders, and, thus, they are entitled to any and all applicable penalties.

33. Plaintiff is informed and believes, and based thereon alleges, that due to Defendants' uniform policy and practice of overloading their employees with cleaning obligations, Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal breaks no later than the end of their fifth hour of work for shifts lasting at least five (5) hours, and to take second thirty (30) minute uninterrupted meal breaks no later than their tenth hour of work for shifts lasting more than ten (10) hours. Specifically, due to Defendants' policy and practice of overloading their employees with cleaning obligations, Plaintiff and the other class members were regularly denied the opportunity to take their meal breaks, had their meal breaks interrupted by management with work-related questions and instructions, and/or were regularly required to end their meal breaks before thirty (30) minutes had elapsed in order to provide immediate service to guests at the direction of management. Defendants regularly entered the break room where Plaintiff and the other class members were taking their meal and rest breaks and required them to stop their breaks to continue working or to discuss tasks that needed to be done after their breaks were over.

34. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, shortened, late, and/or interrupted and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a meal period was missed, shortened, late, and/or interrupted. On occasions when Defendants did pay a meal period premium to Plaintiff and the other class members, it was paid at the base rate of pay, rather than at the employee's adjusted regular rate of pay based on additional remuneration such as service charges.

35. Plaintiff is informed and believes, and based thereon alleges, that, due to Defendants' uniform policy and practice of overloading their employees with cleaning obligations, Defendants failed to provide, authorize, and permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3.5) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period. Specifically, due to Defendants' policy and practice

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

of overloading their employees with cleaning obligations, Plaintiff and the other class members were regularly denied the opportunity to take their rest breaks, had their rest breaks interrupted by management with work-related questions and instructions, and/or were regularly required to end their rest breaks before ten (10) minutes had elapsed in order to provide immediate service to guests at the direction of management. Defendants regularly entered the break room where Plaintiff and the other class members were taking their meal and rest breaks and required them to stop their breaks to continue working or to discuss tasks that needed to be done after their breaks were over.

36. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed, shortened, late, and/or interrupted.

37. Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non- discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

38. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class members worked off the clock performing work duties, including, but not limited to, walking significant distances from the employee parking lots to reach their places of work and back;

traveling to the designated employee locker rooms and putting on uniforms to become "work ready." These tasks were done off-the-clock at the direction of management on a routine basis and took at least ten to fifteen minutes on average.

39. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not receive all such wages owed to them at the time of their discharge or resignation.

40. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them during their employment. Plaintiff and the other class members did not receive payment of all wages, including overtime and minimum wages and meal and rest period premiums, within any time permissible under California Labor Code section 204.

41. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members, the accurate wages actually earned by Plaintiff and the other class members.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Defendants had to keep complete and accurate payroll records for Plaintiff and the other class members in accordance with California law, but they did not keep complete and accurate payroll records. Defendants' failure included, *inter alia*, the failure to keep accurate records of the hours worked by Plaintiff and the other class members.

43. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

///

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

44. Plaintiff is informed and believes, and based thereon allege, that Defendants knew or should have known that Plaintiff and the other class members were entitled to pay equal to half the usual or scheduled day's work in an amount no less than two (2) hours nor more than four (4) hours at the employee's regular rate of pay for each workday in which Plaintiff and the other class members were required to report to work and were furnished less than half the usual or scheduled day's work. Specifically, Defendants maintained a uniform policy requiring Plaintiff and the other class members to call-in and/or be available to receive calls two (2) hours prior to the start of their scheduled shift to find out whether or not they would be coming in to work their scheduled shift that day and did not pay the requisite reporting time pay at the regular rate of pay on days when Plaintiff and the other class members called in and were not put to work.

45. Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

46. During the relevant time period, Defendants failed to pay overtime wages to Plaintiff and the other class members for all overtime hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation for all overtime hours worked.

47. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay used to calculate the overtime rate for the payment of overtime wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and overtime wages in the same workweek.

48. During the relevant time period, Defendants failed to provide all requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

49. During the relevant time period, Defendants failed to use the shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay to calculate the regular rate of pay for the payment of meal or rest period premium wages where Plaintiff and the other class members earned shift differential pay/commissions/non-discretionary bonuses/non-discretionary performance pay and meal or rest period premium wages in the same workweek.

50. During the relevant time period, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

51. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

52. During the relevant time period, Defendants failed to pay Plaintiff and the other class members all wages within any time permissible under California law, including, *inter alia*, California Labor Code section 204.

53. During the relevant time period, Defendants required Plaintiff and the other class members employees to report to work without putting them to work or paying them the requisite reporting time pay. Namely, during the relevant time period, Defendants failed to pay Plaintiff and other class members half the usual or scheduled day's work in an amount no less than two (2) hours at the employee's regular rate of pay for workdays in which Plaintiff and the other class members employees reported to work physically or pursuant to Defendant's call-in policy and were furnished less than half the usual or scheduled day's work.

54. During the relevant time period, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

55. During the relevant time period, Defendants failed to keep complete or accurate payroll records for Plaintiff and the other class members.

56. During the relevant time period, Defendants failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

57. During the relevant time period, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants'

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

profits.

58. California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

**FIRST CAUSE OF ACTION**

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

59. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 58, and each and every part thereof with the same force and effect as though fully set forth herein.

60. California Labor Code section 1198 and the applicable IWC Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either one-and-one-half times (1.5x) or two times (2x) that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

61. Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members who worked more than eight (8) hours in a day or forty (40) hours in a workweek at the rate of one-and-one-half times (1.5x) all hours worked in excess of eight (8) hours in a day or forty (40) hours in a workweek, .

62. The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times (2x) their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

63. California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times (1.5x) the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

LAWYERS for JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

64. During the relevant time period, Defendants had a written policy and practice of requiring that Plaintiff and the putative class members park in specific parking lots designated for employees. These lots were a significant distance from the facilities, requiring Plaintiff and putative class members to walk a significant distance just to reach their place of work. For example, before every shift, Plaintiff was often required to park in the designated employee lot from which it took her approximately five minutes to reach the time clock that she was required to use. During this portion of the commute to work, Defendants exercised control over Plaintiff and the other class members and, thus, were required to compensate Plaintiff and the other class members for time spent under Defendants' control.

65. During the relevant time period, Plaintiff and the putative class members were required by Defendants to wear uniforms while working. Defendants had a policy and practice of requiring that Plaintiff and the putative class members clock in for work in clean uniforms daily, requiring them to put their uniforms in the laundry at Defendants' facilities. As such, Plaintiff and the putative class members were forced to keep their uniforms in a supply room or with the laundry facilities at work and change into them upon arrival for their scheduled shift before clocking in. For example, at least once a week, Plaintiff had to first walk to the housekeeping building to pick up her clean uniforms before clocking in for her shift.

66. Defendants also had uniform policies requiring all putative class members to be in full uniform and ready to begin work prior to clocking in for their shifts, and requiring all putative class members to clock out immediately after their scheduled shift was complete. As a result, during the relevant time period, Plaintiff and the other class members were required to pick up their uniforms from the housekeeping building and go to the employee locker room to change. Specifically, before every shift, Plaintiff was required to travel to the employee parking lot; walk to the housekeeping building to pick up her uniform; walk to another building where the employee locker rooms were located; change into her uniform; and walk back upstairs to the time clock before clocking in.

///

///

67. During the relevant time period, Defendants had a policy and practice of disciplining Plaintiff and the other class members for clocking in for their scheduled shifts any later than three minutes after their scheduled start times. As a result, Plaintiff and putative class members were required to arrive at work prior to their scheduled start times to ensure they were in full uniform and work ready by the time they were required to clock in. For example, at least once a week, Plaintiff was regularly required to arrive at the employee parking lot fifteen (15) minutes prior to the start of her shift to ensure she had time to pick up her uniform, walk to the building that housed the employee locker rooms, go downstairs to the locker room, change into her uniform, and walk to the employee dining room to clock in before her scheduled start time.

68. As a result of these policies and practices, during the relevant time period, Plaintiff and the other class members were required to work in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week performing work duties off-the-clock prior to clocking in on a weekly basis, including but not limited to, walking significant distances from the employee parking lots to reach their places of work; picking up uniforms from the laundry; traveling to the employee locker room; and putting on uniforms to become "work ready."

69. As a result of these policies and practices, during the relevant time period, Plaintiff and the other class members were required to work in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week performing work duties off-the-clock after clocking out on a weekly basis, including walking significant distances to the employee parking lots.

70. For example, at least once a week, Plaintiff was required to be "work ready" and clocked in by 8:30 a.m. This required Plaintiff to get to Defendants' facilities by 8:15 a.m., as, upon arriving, she was required to drive to the designated employee parking lot where she was required to park. Once parking in the lot, she was required to walk to the housekeeping building to pick up her uniform, walk to the building that housed the employee locker room, travel downstairs to the locker room, and change into her uniform she was required to wear as a housekeeper. After this, Plaintiff would go back upstairs and clock in and begin cleaning her assigned hotel rooms. After clocking out, Plaintiff was then required to walk back to the employee parking lot. As a result, Plaintiff regularly worked over eight (8) hours a day and/or

**LAWYERS *for* JUSTICE, PC**
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

over forty (40) hours a week due to time spent working off the clock, but was not compensated for these overtime hours. Plaintiff contends this was a regular occurrence for herself and other putative class members.

71. During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members. Defendants had a policy and practice of requiring employees to change into their full uniforms prior to clocking in.

72. Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

73. Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

**SECOND CAUSE OF ACTION**

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

74. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 73, and each and every part thereof with the same force and effect as though fully set forth herein.

75. At all relevant times, the IWC Wage Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

76. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by the applicable IWC Wage Order.

77. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause, or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

78. At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause, or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee, only if the first meal period was not waived.

79. During the relevant time period, Plaintiff and the other class members, who were scheduled to work no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

80. During the relevant time period, Plaintiff and the other class members, who were scheduled to work in excess of six (6) hours, were required to work more than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes.

81. During the relevant time period, Plaintiffs and the other class members' meal periods were missed, shortened, late, and/or were interrupted due to Defendants' uniform policy and practice of overloading their employees with cleaning obligations. Due to this policy, Plaintiff and the other class members were regularly denied the opportunity to take their meal breaks, had their meal breaks interrupted by management with work-related questions and instructions, and/or were regularly required to end their meal breaks before thirty (30) minutes had elapsed in order to complete time-sensitive company deadlines.

82. Defendants interrupted Plaintiff and the other class members during purported meal periods with business-related inquiries, instructions for tasks, and/or to require them to return to work before a full thirty (30) minutes elapsed to complete or begin tasks. For example, in one instance, Plaintiff was taking her meal break in the employee break room when her manager entered the break room to notify her that as soon as she was done eating, she was

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

required to clean a priority room.

83. As a result, Defendants failed to relieve Plaintiff and the other class members of all duties, failed to relinquish control over Plaintiff and the other class members' activities, failed to permit Plaintiff and the other class members a reasonable opportunity to take, and impeded or discouraged them from taking thirty (30) minute uninterrupted meal periods no later than the end of their fifth hour of work for shifts lasting at least six (6) hours, and/or to take second thirty (30) minute uninterrupted meal periods no later than their tenth hour of work for shifts lasting more than ten (10) hours

84. As a result, during the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

85. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7. For example, when Defendants paid meal period premiums to Plaintiff and the other class members, the premiums were paid at Plaintiff's and the other class members' base hourly rate, rather than at their respective regular rates of pay. Despite being aware of the need to adjust the regular rate of pay for purposes of overtime payments, Defendants did not do so for purposes of calculating meal period premiums paid to Plaintiff and the other class members.

86. Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

87. Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular rate of compensation for each work day that a meal or rest period is not provided.

///

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**THIRD CAUSE OF ACTION**

**(Violation of California Labor Code § 226.7)**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

88. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 87, and each and every part thereof with the same force and effect as though fully set forth herein.

89. At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

90. At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by the applicable IWC Wage Order.

91. At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable, shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours worked, or major fraction thereof," unless the total daily work time is less than three and one-half (3 ½) hours. During the relevant time period, Defendants required Plaintiff and other class members to work three and one-half (3 ½) or more hours without authorizing or permitting a ten (10) minute net rest period per each four (4) hour period, or major fraction thereof, worked.

92. During the relevant time period, Defendants did not provide Plaintiff and the other class members ten (10) minute rest periods when they worked shifts of at least three and one-half (3 ½) hours but less than four (4) hours in length.

93. During the relevant time period, Plaintiff and the other class members' rest periods were missed, shortened, late, and/or interrupted due to Defendants' uniform policy and practice of overloading their employees with cleaning obligations. Due to this policy, Plaintiff and the other class members were regularly denied the opportunity to take a timely, uninterrupted rest

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

period of no less than ten (10) minutes for each four hours, or major fraction thereof, worked, because management interrupted their rest breaks with work-related questions and instructions, and/or regularly required them to miss their breaks entirely to meet company-sensitive deadlines.

94. For example, during the relevant time period, Plaintiff was scheduled to work on the weekends. On those days, the hotel was particularly short-staffed, and Plaintiff was required to skip her rest breaks in order to finish cleaning the required number of rooms to the satisfaction of management.

95. Defendants interrupted Plaintiff and the other class members during purported rest periods with business-related inquiries, instructions for tasks, and/or to require them to return to work before a full ten (10) minutes elapsed to complete or begin tasks. For example, in one instance, Plaintiff was taking her meal break in the employee break room when her manager entered the break room to notify her as that soon as her break was over, she needed to clean a priority room.

96. As a result, Defendants failed to provide, authorize, and/or permit Plaintiff and other class members to take full, uninterrupted, off-duty rest periods for every shift lasting three and one-half (3 ½) to six (6) hours and/or two full, uninterrupted, off-duty rest periods for every shift lasting six (6) to ten (10) hours, and/or three full, uninterrupted, off-duty rest periods for every shift lasting ten (10) to fourteen (14) hours and failed to make a good faith effort to authorize, permit, and provide such rest breaks in the middle of each work period.

97. As a result, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

98. During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7.

99. Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

100. Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(c), Plaintiff and the other class members are entitled to recover from Defendants one

additional hour of pay at the employees' regular hourly rate of compensation for each work day that a rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

101. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 100, and each and every part thereof with the same force and effect as though fully set forth herein.

102. At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that employees must be paid at least minimum wage, and any lesser payment than the fixed minimum is unlawful.

103. During the relevant time period, Defendants had a policy and practice of requiring Plaintiff and the putative class members park in specific parking lots designated for employees that were a significant distance from the facilities, requiring Plaintiff and putative class members to walk a significant distance just to reach their place of work. For example, before every shift, Plaintiff was often required to park in the designated employee lot from which it took her up to five minutes to reach the clock-in machine that she was required to use.

104. During the relevant time period, Plaintiff and the putative class members were required by Defendants to wear uniforms while working. Defendants had a policy and practice of requiring that Plaintiff and the putative class members clock in for work in clean uniforms daily, requiring them to put their uniforms in the laundry at Defendants' facilities. As such, Plaintiff and the putative class members were forced to keep their uniforms in a supply room or with the laundry facilities at work and change into them upon arrival for their scheduled shift before clocking in. For example, at least once a week, Plaintiff had to first walk to the housekeeping building to pick up her clean uniforms before clocking in for her shift.

105. During the relevant time period, Defendants maintained uniform policies requiring all putative class members to be in full uniform and ready to begin work prior to

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

clocking in for their shifts, and requiring all putative class members to clock out immediately after their scheduled shift was complete. As a result, during the relevant time period, Plaintiff and the other class members were required to pick up their uniforms from the housekeeping building and go to the employee locker room to change. Specifically, before every shift, Plaintiff was required to walk to the housekeeping building to pick up her uniform; walk to where the lockers were located; change into her uniform; and walk back upstairs to the time clock before clocking in.

106. As a result of these policies and practices, during the relevant time period, Plaintiff and the other class members were required to work off-the-clock prior to clocking in on a weekly basis, including walking significant distances from the employee parking lots to reach their places of work; picking up uniforms from the laundry; traveling to the employee locker room; and putting on uniforms to become "work ready."

107. As a result of these policies and practices, during the relevant time period, Plaintiff and the other class members were required to work off-the-clock after clocking out on a weekly basis, including walking significant distances to the employee parking lots.

108. For example, at least once a week, Plaintiff was required to be "work ready" and clocked in by 8:30 a.m. This required Plaintiff to get to Defendants' facilities by 8:15 a.m., as, upon arriving, she was required to park in the designated employee parking lot and walk to the housekeeping building to pick up her uniform, walk to the building that housed the employee locker room, travel downstairs to the locker room, and change into her uniform she was required to wear as a housekeeper. After this, Plaintiff would go back upstairs and clock in and begin cleaning her assigned hotel rooms. After clocking out, Plaintiff was then required to walk a significant distance back to the employee parking lot. As a result, Plaintiff performed work off the clock for which she was not compensated.

109. During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required pursuant to California Labor Code sections 1194, 1197, and 1197.1. Defendants' failure to pay minimum wages included, *inter alia*, Defendants' effective payment of zero dollars per hour for hours Plaintiff and the other class

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

members worked off-the-clock performing work duties including, but not limited to, walking significant distances from the employee parking lots to reach their places of work and back; traveling to the employee locker rooms and putting on uniforms to become "work ready."

110. During the relevant time period, Defendants required Plaintiff and the other class members employees to report to work without putting them to work and paying them the requisite reporting time pay. Namely, during the relevant time period, Defendants failed to pay Plaintiff and other class members half the usual or scheduled day's work in an amount no less than two (2) hours at the employee's regular rate of pay for workdays in which Plaintiff and the other class members employees reported to work and were furnished less than half the usual or scheduled day's work, and Defendants failed to pay Plaintiff and other class members for two (2) hours at the employee's regular rate of pay on days in which Plaintiff and other class members were required to report for work a second time in one workday and were furnished less than two (2) hours of work upon the second reporting. Specifically, Defendants maintained a uniform policy requiring Plaintiff and the other class members to call-in and/or be available to receive calls two (2) hours prior to the start of their scheduled shift to find out whether or not they would be coming in to work their scheduled shift that day and did not pay the requisite reporting time pay at the regular rate of pay on days when Plaintiff and the other class members called in and were not put to work.

111. Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections, Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation, as well as interest, costs, attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

112. Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages and $250.00 for each subsequent failure to pay each employee minimum wages.

///

113. Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

**FIFTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 201 and 202)**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

114. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 113, and each and every part thereof with the same force and effect as though fully set forth herein.

115. At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

116. During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who were discharged their wages, earned and unpaid, immediately at the time of their discharge. Plaintiff was not paid at the time of her discharge wages earned and unpaid throughout her employment, including but not limited to, minimum wages for time worked off-the-clock to perform work duties including donning and doffing, responding to business-related inquiries, and completing time-sensitive company deadlines and for meal and rest period premium payments.

117. During the relevant time period, Defendants intentionally and willfully failed to pay other class members who quit their employment with Defendants with less than seventy-two (72) hours' notice their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ. Other class members were not given at the time of leaving Defendants' employ all of the wages earned and unpaid throughout their employment, including but not

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

limited to, overtime and minimum wages for time worked off-the-clock performing work duties, including, but not limited to, walking significant distances from the employee parking lots to reach their places of work and back; traveling to employee locker rooms and putting on uniforms to become "work ready"; unpaid or incomplete meal and rest period premiums for meal and rest periods that were short, late, interrupted, and/or missed at the direction of Defendants; and unpaid reporting time pay due to Defendants' call-in policy. Defendants' failure to pay Plaintiff and the other class members their earned and unpaid wages within seventy-two (72) hours of their leaving Defendants' employ is in violation of California Labor Code sections 201 and 202.

118. California Labor Code section 203 provides that if an employer willfully fails to pay wages owed in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; however, the wages shall not continue for more than thirty (30) days.

119. Plaintiff and the other class members are entitled to recover from Defendants the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203.

**SIXTH CAUSE OF ACTION**

**(Violation of California Labor Code § 226(a))**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

120. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 119, and each and every part thereof with the same force and effect as though fully set forth herein.

121. At all material times set forth herein, California Labor Code section 226(a) provides that every employer shall furnish each of his or her employees an accurate itemized statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

dates of the period for which the employee is paid, (7) the name of the employee and his or her social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee. The deductions made from payments of wages shall be recorded in ink or other indelible form, properly dated with the month, day, and year, and a copy of the statement or a record of the deductions shall be kept on file by the employer for at least three years at the place of employment or at a central location within the State of California.

122. Defendants have intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements. The deficiencies include but are not limited to: the failure to include the accurate, total number of hours worked by Plaintiff and the other class members and the gross and net wages actually earned. As the employer willfully requiring work to be performed off-the-clock and failing to provide, authorize, and/or permit compliant meal and rest periods or to pay all premium wages owed for such failure, Defendants had the information necessary to provide wage statements that accurately reflected the total number of hours actually worked and the actual gross and net wages earned, yet failed to do so on a systematic basis and instead provided wage statements that did not reflect the time worked off-the-clock or all meal and rest period premiums earned.

123. As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights. Because Plaintiff and the putative class members' wage statements did not always reflect the accurate number of regular hours worked, Plaintiff and the putative class members were unable to determine the total amount of hours they worked, were unable to determine the total amount of compensation they were owed, and were unable to verify they were paid the proper amount. In order to determine how much Plaintiff and the putative class members should have been paid, Plaintiff and the putative class members would have had to engage in discovery and mathematical computations to reconstruct the missing information.

///

124. More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

125. California Labor Code section 226(e) provides that an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with California Labor Code section 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000), and is entitled to an award of costs and reasonable attorney's fees.

126. California Code of Civil Procedure section 338(a) provides a three year statute of limitations for an action upon a liability created by statute. Therefore, pursuant to California Labor Code section 226(e) Plaintiff is entitled to seek his actual damages caused by Defendants' failure to comply with California Labor Code section 226(a). Plaintiff's claim for damages is timely because it is brought within the three year statute of limitations.

127. The other class members who were employed by Defendants during the applicable statute of limitations period for Labor Code section 226(e) penalties are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

**<u>SEVENTH CAUSE OF ACTION</u>**

**(Violation of California Labor Code §§ 2800 and 2802)**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

128. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 127, and each and every part thereof with the same force and effect as though fully set forth herein.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

129. Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

130. Plaintiff and the other class members incurred necessary business-related expenses and costs throughout the duration of their employment that were not fully reimbursed by Defendants, including but not limited to purchasing and maintaining clothing in compliance with Defendants' dress code.

131. During the relevant time period, Plaintiff and the putative class members were required by Defendants to wear uniforms while working and they were required to show up ready to work in clean uniforms every day. Defendants only provided Plaintiff and the other class members with specific blouses but were aware that it was necessary for Plaintiff and the putative class members to buy additional clothing items for their uniforms, such as jackets, pants, and shoes. For example, Plaintiff was required to arrive at the beginning of every shift wearing a blouse, jacket, pants, and black shoes. Defendants provided her with only a specific blouse. During the relevant time period, Plaintiff purchased approximately three (3) jackets, six (6) pairs of pants, and nine (9) pairs of black shoes, but was never reimbursed for the costs of those items.

132. Defendants have intentionally and willfully failed to reimburse Plaintiff and the other class members for all necessary business-related expenses and costs.

133. Plaintiff and the other class members are entitled to recover from Defendants their business-related expenses and costs incurred during the course and scope of their employment, plus interest accrued from the date on which the employee incurred the necessary expenditures at the same rate as judgments in civil actions in the State of California.

///

///

///

///

///

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**EIGHTH CAUSE OF ACTION**

**(Violation of California Business & Professions Code § 17200, et seq.)**

**(Against HV GLOBAL MANAGEMENT CORPORATION, MVW SERVICES CORPORATION, and DOES 1 through 100)**

134. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 133, and each and every part thereof with the same force and effect as though fully set forth herein.

135. Defendants' conduct, as alleged herein, has been and continues to be unfair, unlawful, and harmful to Plaintiff, other class members, to the general public, and Defendants' competitors. Accordingly, Plaintiff seeks to enforce important rights affecting the public interest within the meaning of Code of Civil Procedure section 1021.5.

136. Defendants' activities, as alleged herein, are violations of California law and constitute unlawful business acts and practices in violation of California Business & Professions Code section 17200, et seq.

137. A violation of California Business & Professions Code section 17200, et seq. may be predicated on the violation of any state or federal law. In this instant case, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work overtime without paying them proper compensation violate California Labor Code sections 510 and 1198. Additionally, Defendants' policies and practices of requiring employees, including Plaintiff and the other class members, to work through their meal and rest periods without paying them proper compensation violate California Labor Code sections 226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201 and 202. Defendants also violated California Labor Code sections 226(a), 2800, and 2802.

138. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

139. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

140. Pursuant to California Business & Professions Code section 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences February 25, 2022, an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws, and an award of costs.

141. Pursuant to California Business & Professions Code section 17208, any action to enforce a claim under California Business & Professions Code sections 17200, et seq. must be brought within four years after the cause of action accrued. The statute of limitations for violations of California Labor Code provisions providing a remedy other than a penalty is three years. Thus, for the period from February 25, 2022 to February 25, 2023, there is no adequate remedy at law for Defendants' violations of the California Labor Code.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually, and on behalf of other members of the general public similarly situated, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;
2. That Plaintiff be appointed as the representative of the Class;
3. That counsel for Plaintiff be appointed as Class Counsel; and
4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail, and telephone numbers) of all class members.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the First Cause of Action**

5. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

**As to the Second Cause of Action**

10. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

11. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a meal period was not provided;

12. For all actual, consequential, and incidental losses and damages, according to proof;

13. For premium wages pursuant to California Labor Code section 226.7(c);

14. For pre-judgment interest on any unpaid wages from the date such amounts were due;

15. For reasonable attorneys' fees and costs of suit incurred herein; and

16. For such other and further relief as the Court may deem just and proper.

///

///

**<u>As to the Third Cause of Action</u>**

17. That the Court declare, adjudge, and decree that Defendants violated California Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all rest periods to Plaintiff and the other class members;

18. That the Court make an award to Plaintiff and the other class members of one (1) hour of pay at each employee's regular rate of compensation for each workday that a rest period was not provided;

19. For all actual, consequential, and incidental losses and damages, according to proof;

20. For premium wages pursuant to California Labor Code section 226.7(c);

21. For pre-judgment interest on any unpaid wages from the date such amounts were due; and

22. For such other and further relief as the Court may deem just and proper.

**<u>As to the Fourth Cause of Action</u>**

23. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to Plaintiff and the other class members;

24. For general unpaid wages and such general and special damages as may be appropriate;

25. For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26. For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28. For liquidated damages pursuant to California Labor Code section 1194.2; and

29. For such other and further relief as the Court may deem just and proper.

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

**As to the Fifth Cause of Action**

30. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31. For all actual, consequential, and incidental losses and damages, according to proof;

32. For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33. For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34. For such other and further relief as the Court may deem just and proper.

**As to the Sixth Cause of Action**

35. That the Court declare, adjudge, and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

36. For actual, consequential, and incidental losses and damages, according to proof;

37. For statutory penalties pursuant to California Labor Code section 226(e);

38. For injunctive relief to ensure compliance with this section pursuant to California Labor Code section 226(h); and

39. For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

40. That the Court declare, adjudge, and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

41. For actual, consequential, and incidental losses and damages, according to proof;

LAWYERS *for* JUSTICE, PC
450 North Brand Blvd., Suite 900
Glendale, California 91203

42. For the imposition of civil penalties and/or statutory penalties;

43. For reasonable attorneys' fees and costs of suit incurred herein; and

44. For such other and further relief as the Court may deem just and proper.

**As to the Eighth Cause of Action**

45. That the Court declare, adjudge, and decree that Defendants violated California Business and Professions Code section 17200, et seq. by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to timely pay Plaintiff's and the other class members' wages, failing to provide Plaintiff and other class members with complete and accurate wage statements, failing to keep complete and accurate payroll records, and failing to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

46. For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

47. For the appointment of a receiver to receive, manage, and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violating California Business and Professions Code section 17200, et seq.;

48. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5; and

49. For such other and further relief as the Court may deem just and proper.

Dated: May 28, 2026

**LAWYERS *for* JUSTICE, PC**

By: ______________________________

Tara Zabehi
Connie Lee
*Attorneys for* Plaintiff